**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MERCURIO & ASSOCIATES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No._____ |
| v. | ) | |
| | ) | |
| SIERENS FINANCIAL GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

Plaintiff Mercurio & Associates, Inc. ("Mercurio" or "Plaintiff"), by counsel, for its Complaint against Defendant Sierens Financial Group, Inc. ("Sierens" or "Defendant"), alleges as follows:

**PRELIMINARY STATEMENT**

1.     This action consists of claims of various violations under the Lanham Act, 15 U.S.C. § 1051 *et seq.* committed through Defendant's use of the "Retirement 360" name, which is confusingly similar with Mercurio's registered trademark for RETIREMENT 360 and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Mercurio's and Sierens' services.

**THE PARTIES**

2.     Plaintiff is a Kentucky corporation with its principal place of business located at 9100 Shelbyville Rd. # 150, Louisville, Kentucky 40222. It engages in business under the mark RETIREMENT 360 to promote its financial planning services.

3.     Upon information and belief, Defendant is an Illinois corporation also using the confusingly similar mark "Retirement 360" (the "Infringing Mark") to promote its financial

1

planning services, with its headquarters located at 2250 Point Blvd., Suite 230-G, Elgin, Illinois 60123.

## JURISDICTION AND VENUE

4.     This is an action for claims of various violations under the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

5.     This Court has subject matter jurisdiction over the claims in this matter pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

6.     This Court also has subject matter jurisdiction over the federal claims in this matter pursuant to 28 U.S.C. §§ 1331 and 1338. To the extent jurisdiction is premised on 28 U.S.C. §§ 1331 or 1338, this Court also has supplemental jurisdiction over Mercurio's related Illinois common law claims under 28 U.S.C. § 1338 and 28 U.S.C. § 1367, as these claims also arise out of Mercurio's contention that Sierens' use of the Infringing Mark "Retirement 360 Blueprint Process" is deceptively similar, causes confusion, and violates Mercurio's rights in the RETIREMENT 360 mark. In effect, the state law claims are so related that they form part of the same case or controversy.

7.     This Court has personal jurisdiction over Sierens because, on information and belief, it is a company registered and operating in Elgin, Illinois.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because, as set forth more fully below, a substantial part of the events or omissions giving rise to Plaintiff's claims in this matter occurred in Elgin, Illinois, which is located in the Northern District of Illinois, Eastern Division.

## BACKGROUND

**A.** **Mercurio & Associates, Inc. and Mercurio Wealth Advisors**

9. Mercurio & Associates, Inc. owns a financial and wealth management consulting business, Mercurio Wealth Advisors, located in Louisville, Kentucky.

10. Mercurio offers a wide range of financial services, including investment advice, retirement planning consultation services, financial consulting, and offering investment options for annuities and insurance products. In addition to its traditional financial advice services provided to its individual clients, Mercurio offers educational YouTube videos through its channel, *Mercurio Advisors*, a podcast called *Retirement Coach's Corner with Alan Mercurio and Troy Bolton*, discussing investment and retirement planning advice to the general public and to promote its business (collectively, the "Services").

11. Mercurio was founded by Alan Mercurio in 2000.

12. Alan Mercurio ("Alan") formed Mercurio to satisfy his passion for meeting with and educating individuals and families on how to plan for a successful retirement.

13. Alan and his team of advisors work closely with their clients, taking their goals, concerns, achievements, and hardships into account to create an individualized plan that encompasses all aspects and considerations needed for retirement.

14. These considerations include projections of how long a client's money will last into retirement, from what assets the client should draw to sustain their way of life, tax planning, and estate planning.

15. To that end, Mercurio offers the Services in a "bundle" using the name RETIREMENT 360 as a mark for its holistic retirement planning package.

16.     Since July 10, 2015, Mercurio has used the mark RETIREMENT 360 continuously in interstate commerce in connection with the Services.

17.     Mercurio owns a registration of the RETIREMENT 360 mark with the U.S. Patent and Trademark Office ("USPTO"), namely Registration No. 5,169,442, for "Financial services, namely, wealth management services, and providing investment options in the nature of annuities and life insurance products; Financial retirement plan consulting services; Financial consultancy and insurance consultancy; Financial planning; Providing financial services with respect to securities and other financial instrument products, namely, providing financial market news and commentary; Providing information and advice in the field of finance, financial investments, financial valuations and the financial aspects of retirement; Insurance consulting in the field of life and long term care insurance; Financial advice and consultancy services; Consultancy services related to retirement and financial planning" in International Class 036 as well as "Entertainment services in the nature of a radio show in the field of retirement and financial planning; Providing educational services in the nature of classes, seminars, and training services in the field of retirement and financial planning" in International Class 041 (the "Registration"). A copy of the Registration is attached as Exhibit 1.

18.     The USPTO granted Mercurio its Registration for RETIREMENT 360 on March 28, 2017, which registration has become "incontestable" to the extent provided under 15 U.S.C § 1065.

19.     Mercurio advertises its Class 036 planning services on its website, where it markets its retirement planning services, an example of which is reproduced below.

4



20.     Mercurio advertises the Class 041 entertainment services through discussions about retirement planning on Mercurio's radio program, *Retirement 360* on iHeart radio, YouTube channel, *Mercurio Advisors*, as well as on its podcast, *Retirement Coach's Corner with Alan Mercurio and Troy Bolton*.

**B.      Sierens Financial Group, Inc.**

21.     Sierens is a competitor of Mercurio that offers the same financial consulting-related services to the same customer demographic – adults seeking long-term financial and retirement planning.

22.     The Sierens entity has been in existence since 2016, after Mercurio began using the RETIREMENT 360 mark. An example of Sierens' use of the Infringing Mark on its website is reproduced below.



23.     Like Mercurio, Sierens also offers educational videos through its YouTube channel, *Sierens Financial Group*, discussing financial and retirement planning using the Infringing Mark.



24.     On information and belief, Sierens began using the Infringing Mark long after Mercurio adopted RETIREMENT 360 and established rights in this mark.

25.     Numerous other videos containing the Infringing Mark still exist on its YouTube channel to this date as a means of promoting its business in commerce.

26.     Mercurio discovered Sierens was utilizing the Infringing Mark in connection with its financial and retirement planning services in May 2022.

27.     Once the infringement was discovered, Mercurio sent a cease-and-desist letter to Sierens by certified mail on May 19, 2022, informing it of Mercurio's registration for RETIREMENT 360 and demanding that Sierens discontinue using the Infringing Mark but received nothing in response. A true and accurate copy of this letter is attached as Exhibit 2.

28.     Mercurio then sent a second demand letter to Sierens on June 28, 2022, and, again, received nothing in response. A true and accurate copy of this letter is attached as Exhibit 3.

29.     As of the date of filing this Complaint, Sierens continues to use the Infringing Mark on its website and on its YouTube channel to market its services.

30.     Because of the apparent similarities between Mercurio's RETIREMENT 360 mark and the Infringing Mark, consumer confusion continues to be likely.

31.     Because Mercurio had obtained the federal registration years before Sierens started using the Infringing Mark, and because Sierens continues to use the Infringing Mark months after Mercurio's repeated protests, Sierens' infringement is intentional, willful, wanton, and malicious in reckless disregard of Mercurio's rights.

32.     Unless Sierens' use of the Infringing Mark is enjoined, Mercurio will suffer irreparable injury for which there is no adequate remedy at law.

33.     Said infringements have unjustly enriched Sierens and caused Mercurio to incur pecuniary damages.

**COUNT I**
**Federal Trademark Infringement**

34.     Each of the foregoing paragraphs of this Complaint is hereby incorporated in this Count by this reference.

35.     Defendant's use of the Infringing Mark constitutes trademark infringement of Mercurio's federal trademark registration in violation of the Lanham Act. *See* 15 U.S.C. § 1114.

7

36.     Plaintiff is the owner the RETIREMENT 360 mark. Plaintiff's ownership is evidenced by United States Patent and Trademark Registration No. 5,169,442. Pursuant to 15 U.S.C. § 1057(b), the Registration is *prima facie* evidence of the validity of the registered mark and of the registration of the mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive right to use the registered mark in commerce on or in connection with the services specified in the Registration. Plaintiff has continuously used the RETIREMENT 360 mark for five consecutive years since the Registration was issued on March 28, 2017. Accordingly, pursuant to 15 U.S.C. §§ 1065 and 1115, the Registration is conclusive evidence of the validity of the registered mark and of the registration of the mark, of Plaintiff's ownership of the mark, and of the Plaintiff's exclusive right to use the registered mark in commerce. Plaintiff has used the RETIREMENT 360 mark continuously since at least as early as July 10, 2015.

37.     Without Plaintiff's consent, Defendant has been using the Infringing Mark in commerce in connection with the sale, offering for sale, distribution, or advertising of goods or services, and such use is likely to cause confusion, or to cause mistake, or to deceive. 15 U.S.C. § 1114(1)(a).

38.     Without Plaintiff's consent, Defendant has applied the Infringing Mark to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used in commerce in connection with the sale, offering for sale, distribution, or advertising of competing services, and such use is likely to cause confusion, or to cause mistake, or to deceive. 15 U.S.C. § 1114(1)(b).

39.     Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to recover Defendant's profits, actual damages, and costs. Pursuant to 15 U.S.C. § 1117(b), Plaintiff is entitled to recover treble damages due to Defendant's intentional use of the Infringing Mark in connection with the sale,

offering for sale, or distribution of goods and services. To the extent applicable and elected, Plaintiff is entitled to the statutory damages provided in 15 U.S.C. § 1117(c). To the extent applicable, Plaintiff is also entitled to an award of attorneys' fees pursuant to 15 U.S.C. § 1117(a).

40.     Plaintiff specifically seeks injunctive relief under 15 U.S.C. § 1116.

## COUNT II
### Federal Unfair Competition and False Designation of Origin

41.     Each of the foregoing paragraphs of this Complaint is hereby incorporated in this Count by this reference.

42.     In connection with services, Defendant has used in commerce the Infringing Mark and a false designation of origin, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff. 15 U.S.C. § 1125(a)(1)(A).

43.     In connection with services, Defendant has used in commerce the Infringing Mark and a false designation of origin, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of its services, or commercial activities. 15 U.S.C. § 1125(a)(1)(B).

44.     Defendant's conduct is likely to cause confusion, mistake, or deception among consumers, and unless enjoined by this Court, Defendant's conduct will continue to cause confusion, mistake, or deception among consumers. As described herein, Defendant continues its conduct with knowledge of Plaintiff's ownership of the RETIREMENT 360 mark.

45.     Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to recover Defendant's profits, actual damages, and costs. Pursuant to 15 U.S.C. § 1117(b), Plaintiff is entitled to recover treble damages due to Defendant's intentional use of the Infringing Mark in connection with the sale, offering for sale, or distribution of goods and services. To the extent applicable and elected,

Plaintiff is entitled to the statutory damages provided in 15 U.S.C. § 1117(c). To the extent applicable, Plaintiff is also entitled to an award of attorneys' fees pursuant to 15 U.S.C. § 1117(a).

46.     Plaintiff specifically seeks injunctive relief under 15 U.S.C. § 1116.

## COUNT III
### Illinois Common Law Unfair Competition

47.     Each of the foregoing paragraphs of this Complaint is hereby incorporated in this Count by this reference.

48.     Defendant's misconduct alleged herein constitutes unfair competition under the common law of the State of Illinois.

49.     As a direct and proximate result of this unfair competition, Plaintiff has suffered and is suffering irreparable injury.  Plaintiff will continue to suffer irreparable injury unless the Court enters an appropriate injunction

50.     Also as a direct and proximate result of this unfair competition, Plaintiff has suffered and is suffering monetary damages in an amount to be determined at trial.

## COUNT IV
### Illinois Deceptive Trade Practices Act

51.     Each of the foregoing paragraphs of this Complaint is hereby incorporated in this Count by this reference.

52.     Defendant's misconduct alleged herein constitutes several violations of the Illinois Uniform Deceptive Trade Practices Act, including the following:

a.  Passing off goods or services as those of Plaintiff (815 ILCS 510/2(a)(1));

b.  Causing likelihood of confusion or of misunderstanding as to the source of, sponsorship, approval, or certification of goods and services (815 ILCS 510/2(a)(2));

    c.   Causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Plaintiff (815 ILCS 510/2(a)(3));

    d.   Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that Defendant has a sponsorship, approval, status, affiliation, or connection that they do not have (815 ILCS 510/2(a)(5)); and

    e.   Engaging in any other conduct which similarly creates a likelihood of confusion or misunderstanding (815 ILCS 510/2(a)(12)).

53.    Defendant has willfully engaged in the above-described deceptive trade practices.

54.    As a direct and proximate result of the above-described deceptive trade practices, Plaintiff has suffered and is suffering irreparable injury. Plaintiff will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

A.    An order preliminarily and permanently enjoining Defendant, its respective officers, agents, servants, employees, and attorneys, and any other persons in active concert or participation with them, from the use of the Infringing Mark, and use of any other confusingly similar marks, designations, or indicia in association with any products or services under 15 U.S.C. § 1116;

B.    An order requiring Defendants to take any other action reasonably necessary to prevent any false impression that Defendant's business or services provided by Defendant is affiliated with, sponsored, or approved by Plaintiff;

C.     An award to Plaintiff of its damages incurred as a result of Defendants'
unauthorized use of the Infringing Mark, including an accounting and disgorgement of
Defendants' profits earned in association with said uses with prejudgment interest thereon;

D.     Trebling of said award pursuant to 15 U.S.C. § 1117;

E.     An award to Plaintiff of their compensatory damages as set forth herein in an
amount deemed appropriate by the finder of fact;

F.     Punitive damages under Illinois state law;

G.     An assessment against Defendants of the costs of this action, including Plaintiff's
reasonable attorneys' fees under 15 U.S.C. § 1117;

H.     Trial by jury in this matter; and

I.     Any further relief to which Plaintiff may appear entitled.

DATED this 16th day of February, 2023.          McBRAYER PLLC

                                                By:   /s/ Peter J. Rosene
                                                     Peter J. Rosene
                                                     prosene@mcbrayerfirm.com
                                                     Bruce B. Paul
                                                     bpaul@mcbrayerfirm.com
                                                     500 W. Jefferson Street, Suite 2400
                                                     Louisville, KY 40202
                                                     Telephone: 859-551-3711

                                                PATTISHALL, McAULIFFE, NEWBURY,
                                                  HILLIARD & GERALDSON LLP
                                                     Philip Barengolts (IL 6274516)
                                                     pb@pattishall.com
                                                     Seth I. Appel (IL 6307407)
                                                     sia@pattishall.com
                                                     Joshua A. R. Aldort (IL 6238962)
                                                     jara@pattishall.com
                                                     200 South Wacker Drive, Suite 2900
                                                     Chicago, IL 60606
                                                     Telephone: 312-554-8000

                                                     *Attorneys for Plaintiff*
                                                     *Mercurio & Associates, Inc.*